Matter of Lepatner Project Solutions LLC v 320 W. 115 St., LLC (2023 NY Slip Op 05987)

Matter of Lepatner Project Solutions LLC v 320 W. 115 St., LLC

2023 NY Slip Op 05987

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 152337/22 Appeal No. 945 Case No. 2022-03234 

[*1]In the Matter of Lepatner Project Solutions LLC Also Known as LPS et al., Petitioners-Respondents,
v
320 West 115 Street, LLC Also Known as 320 West 115 Realty LLC, etc., et al., Respondents, Steven A. Kirschenbaum et al., Respondents-Appellants.

The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for appellants.
Weber Law Group LLP, Melville (Jason A. Stern of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered July 18, 2022, which granted the petition seeking turnover relief to the extent of enjoining respondents Kirschenbaum and Winkler (collectively, the Individual Defendants) from transferring $937,439 and $2,145,705, respectively, directed them each to turn over $500,000 to be held in escrow, and permitted petitioners' counsel to release $192,640.93 from escrow to satisfy a judgment entered against respondent 320 West 115 Street, LLC (LLC), unanimously modified, on the law, the order vacated insofar as it enjoined the Individual Defendants from transferring $937,439 and $2,145,705, respectively, and directed each of them to turn over $500,000, and otherwise affirmed, without costs.
This action was commenced as a turnover proceeding pursuant to CPLR 5225(b), which provides:
"Upon a special proceeding commenced by the judgment creditor , against a person in possession or custody of money in which the judgment debtor has an interest, or against a person who is a transferee of money . . .from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor 
. . . ." (emphasis added).
In the context of this turnover proceeding, we affirm that portion of the Supreme Court's order permitting petitioners' counsel to release $192,640.93 from escrow to satisfy the judgment entered against the LLC. Pursuant to former Debtor and Creditor Law § 273-a,
"Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."
Here, petitioners have established a fraudulent conveyance from the LLC to the Individual Defendants under former Debtor and Creditor Law §273-a. Petitioners have shown that funds were transferred from the LLC to the Individual Defendants, without fair consideration, when the LLC was a defendant in an action for money damages in which a judgment was docketed against it. Moreover, it is undisputed that the LLC did not satisfy the judgment.
However, because this action was commenced as a turnover proceeding pursuant to CPLR 5225(b), which may only be brought by a judgment creditor, petitioners are not entitled to any relief with respect to their claims which have not yet matured into a judgment. Therefore, it was improper for the Supreme Court to enjoin the Individual Defendants from transferring the amounts of $937,439 and $2,145,705 and to direct each of them to turn over $500,000, as no judgment has [*2]been entered against the LLC or the Individual Defendants for those amounts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023